UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Robert EMERT,  | Case No.: 24-cv-00002-AGS-AHG |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS (ECF 5)** |
| v. | |
| Andrea SCHUCK, et al., | |
| Defendants. | |

Plaintiff Robert Emert, suing for alleged civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is denied.

## DISCUSSION

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). An application for IFP status is sufficient if it indicates "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Yet an IFP application must "allege poverty with some particularity, definiteness and certainty." *Id.* (cleaned up).

Emert's application states that his income—from all sources—is zero dollars, and that he has zero dollars in cash. He says he owns a car valued at $2,500, but he has marked "N/A" for total monthly expenses. While an income of zero dollars—even against no monthly expenses—would generally qualify for IFP status, this filing does not allege

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id.*

Emert's poverty with the required "particularity, definiteness and certainty." Even if an applicant "is experiencing homelessness," "an explanation must be provided." *Hankins v. Wisehart*, No. CV-22-02083-PHX-SPL, 2023 WL 183200, at *2 (D. Ariz. Jan. 11, 2023), *appeal dismissed*, No. 23-15046, 2023 WL 4532813 (9th Cir. Mar. 31, 2023). Without more explanation, this Court "is left with questions that could go to the accuracy and completeness of the affidavit." *See Peter J. v. Kijakazi*, No. 23-CV-02240-JLB, 2023 WL 9111249, at *2 (S.D. Cal. Dec. 8, 2023) (denying IFP motion in similar situation); *see also Spitters v. Micelli*, No. 21-CV-05138-TSH, 2021 WL 11586325, at *2 (N.D. Cal. Aug. 2, 2021) (same). Because Emert's application stumbles at the outset, the Court does not reach the next step of screening his complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the IFP motion is **DENIED** without prejudice. By **April 26, 2024**, Emert must either (1) file a renewed motion for leave to proceed in forma pauperis that addresses the identified deficiencies or (2) pay the requisite filing fee. If Emert has done neither by that date, the Clerk is directed to close this case.

Dated:  April 5, 2024

_____
Andrew G. Schopler
United States District Judge