**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Robert EMERT, | Case No.: 24-cv-0002-AGS-AHG |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION (ECF 11) AND REVOKING PLAINTIFF'S IFP STATUS** |
| Andrea SCHUCK, et al., | |
| Defendants. | |

This Court previously granted permission for plaintiff Robert Emert to proceed *in forma pauperis*, but dismissed his civil-rights lawsuit without leave to amend. (ECF 10, at 1.) Emert then moved for reconsideration while also appealing to the Ninth Circuit Court of Appeals. (ECF 11, 12.) The Ninth Circuit asked this Court to assess whether Emert's *in forma pauperis* status should continue on appeal or be revoked. (ECF 15, 16.)

### DISCUSSION

**A.  Motion for Reconsideration**

Emert's theory of reconsideration is "fraud on the court" under Federal Rule of Civil Procedure 60(b)(3). (ECF 11, at 2.) Courts may grant reconsideration when a losing party provides "clear and convincing evidence" that its opponents have engaged in "fraud, misrepresentation, or other misconduct." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (cleaned up); *see* Fed. R. Civ. P. 60(b)(3). The party seeking reconsideration must show that the fraud was "materially related to the submitted issue" and was not "discoverable by due diligence before or during the proceeding." *Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

These last two requirements are fatal for Emert's reconsideration hopes. First, the alleged frauds are not newly discovered. They were well known and extensively discussed

in the earlier proceedings. That is, the "tainted plea deal and resulting orders" that Emert now claims defrauded this Court were a key focus of his complaint. (*See* ECF 11, at 5; *see generally* ECF 1.) Second, these purported frauds are not "materially related to the submitted issue." *See Pacific & Arctic Ry.*, 952 F.2d at 1148. This Court dismissed Emert's complaint because: (1) he failed to plausibly allege "how Balerio violated his constitutional rights"; (2) he failed to plausibly allege how his ex-wife or ex-lawyer were "acting under color of state law"; and (3) a § 1983 claim does not offer the relief he requests, that is, "specific performance" of an alleged custody arrangement. (*See* ECF 10, at 3, 5.) Even if Emert established the frauds he asserts by clear and convincing evidence, it would not change the legal analysis of those three issues. Thus, there is no basis for reconsideration under Rule 60(b)(3). Emert's complaint was properly dismissed.

## B. Revocation of IFP Status

Because Emert lacks any good-faith basis for his appeal of the dismissal order, he cannot maintain his IFP status. Appeals taken "in good faith" generally inherit a district court's IFP ruling. *See* Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). But parties must present at least one non-frivolous issue or claim to justify that critical "good faith" finding. *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). Emert presents none.

Courts "often revoke IFP status when a plaintiff's claim faces an obstacle that simply cannot be overcome." *Allen v. Diaz*, No. 20-CV-1389 JLS (MDD), 2023 WL 6593834, at *3 (S.D. Cal. Sept. 5, 2023). As this Court previously explained, the remedy Emert seeks—"'specific performance' of the alleged plea agreement so he can gain physical custody of his son"—is not possible in a lawsuit under 42 U.S.C. § 1983. (*See* ECF 10, at 5–6.) Emert has later suggested that he could instead seek "a declaratory judgment that the plea was fraudulently induced and constitutionally involuntary." (ECF 11, at 13.) But this remedy, too, is impossible in a § 1983 suit. Declaratory relief that necessarily implies "the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

# CONCLUSION

Emert's motion for reconsideration is **DENIED**. This Court certifies that Emert's "appeal is not taken in good faith" and thus revokes his IFP status. *See* Fed. R. App. P. 24(a)(3)(A).

Dated: November 12, 2024

Andrew G. Schopler
United States District Judge